UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN | NO. 10-204 |
| GERARD DUGUE | SECTION "N" (1) |

## **ORDER AND REASONS**

Before the Court is the "Unopposed Motion to Unseal Affidavits and Other Documents and Pleadings in this Concluded[1] Case with Incorporated Memorandum" (Rec. Doc. 1368), filed by Defendant Anthony Villavaso ("Defendant") on April 26, 2016. Defendant's motion seeks to unseal documents referenced by the undersigned in open court on April 20, 2016, in connection with the Motion to Disqualify Counsel (Rec. Doc. 1178) filed by Defendants Kenneth Bowen, Robert Gisevius, Robert Faulcon, Anthony Villavaso, and Arthur Kaufman on October 31, 2013. Defendant

---

[1] The Court notes that despite this title, this case is not "concluded," as explained further herein. The Court has also been advised by Assistant United States Attorney Ted Carter ("AUSA") that the Government in fact opposes a blanket unsealing of documents unrelated to the Motion to Disqualify Counsel. Rather, the Government maintains that the propriety of unsealing those documents should be determined on a more individualized basis, with the parties having an opportunity to be heard, prior to the Court making a determination.

1

also seeks to unseal "a plethora of other documents that remained sealed in this case," (Rec. Doc. 168, p. 2) but does not specify which. In support of his motion, Defendant incorrectly argues that "since this case is concluded there is no reason why those other documents should not be unsealed." *Id.*

**IT IS ORDERED** that Defendant's motion is **DENIED**. As an initial threshold matter, Defendant's assertion that this matter is "concluded" is incorrect, in that the criminal charges against Defendant Gerard Dugue are pending, and a trial date remains to be set for those charges. Secondly, the Court has made no determination as to whether further inquiry or action in this case is necessary under Local Rules 83.2.3 and/or 83.2.5. Third, as the undersigned stated from the bench on April 20, 2016, the issue of restitution has yet to be decided, and the Court will set a date in the future, after the civil proceedings[2] are concluded, to make such a determination. See April 26, 2016 transcript, Rec. Doc. 1369, pp. 92-94).

Fourth, Defendant Villavaso has entered a plea agreement[3] pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pleading guilty to three counts charged in the Indictment, and agreeing to a stipulated sentence. Prior to the April 20, 2016 hearing, and very explicitly on the

---

[2] The victims have filed civil proceedings (identified hereinafter) against the defendants herein, other defendants who have plead guilty in separate other cases, and the City of New Orleans. In those actions, the victims seek monetary compensation, which will, when determined, impact restitution, if any, in this case.

[3] Defendant Villavaso and four other defendants negotiated plea agreements with the Department of Justice (DOJ) pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which authorizes the defendant and the government to "agree that a specific sentence," that is binding upon the court once it accepts the plea agreement, "is the appropriate disposition of the case. . . ." See Fed. R. Cr. P. 11(c)(1)(C). With respect to Defendant Villavaso, the DOJ agreed to a sentence of seven years total for the three counts to which he plead guilty. Neither the undersigned, nor any other member of this Court, participated in these negotiations in any way, consistent with Rule 11(c)(1), which states: "The court must not participate in these discussions." See Fed. R. Cr. P. 11(c)(1).

record at the April 20, 2016 hearing, the undersigned confirmed that the plea agreements entered into by the pleading defendants (including Villavaso) and the Department of Justice (DOJ) were expressly authorized by relevant personnel[4] in the Office of the Attorney General in Washington, D.C., *and* that the victims and their families not only did not object to the stipulated sentences, but agreed that the plea agreements and sentences were appropriate, and approved of them.[5] As part of his plea agreement, Defendant Villavaso waived his rights to appeal his conviction and/or sentence, and assert any claim for post-conviction relief, thus mooting any arguments the presently sealed documents might potentially support. Thus, other than a general curiosity, Defendant Villavaso does not argue that any of these documents impact his conviction or sentence in a material way in furtherance of this litigation.

---

[4] See April 20, 2016 transcript, pp. 87-88.

[5] The undersigned specifically questioned United States Attorney for the Eastern District of Louisiana Ken Polite about the approval of the Rule 11(c)(1)(C) pleas and sentences by the victims and victims' families ("the victims"), on or about March 24, 2016, when so advised of them. U.S. Attorney Polite personally confirmed that the victims and their counsel were fully apprised, and approved, of them.

Based on that information, the undersigned, in open court on April 20, 2016, emphasized the victims' awareness of, and agreement to, the pleas and sentences agreed to by the pleading defendants and the DOJ. Not one of the victims, or the several of their attorneys (in their civil cases), who were in attendance on the first row of the courtroom, objected to or expressed any disagreement with the pleas and sentencings, in response to the undersigned's statements. (See April 20, 2016 transcript, Rec. Doc. 1369, pp. 89-90, 99-100.) At the same hearing, in open court, the undersigned acknowledged consideration of, and incorporated by reference, the victims' previously offered statements, *and* inquired of AUSA Ted Carter whether any of the victims wished to make a statement prior to the Court's acceptance of the plea agreements and sentences. AUSA Carter responded that they did not; none of the victims disagreed. (See April 20, 2016 transcript, Rec. Doc. 1369, pp. 84-85.)

Finally, thereafter, on the afternoon of April 20, 2016, the victims and counsel appeared at a press conference with U.S. Attorney Ken Polite. None objected to the Rule 11(c)(1)(C) plea agreements and sentences upon that occasion.

Fifth, all related deadlines and delays in connection with the April 20, 2016 rearraignments and sentencings have not yet run, and thus, though it may seem a technicality, proceedings as to these defendants have not concluded. Sixth, to the extent that information in the affidavits relating to the Motion to Disqualify Counsel (Rec. Doc. 1178) is pertinent to these proceedings, the Court has disclosed such information by providing it on the record in open court on April 20, 2016. To the extent such information was not so provided, the Court fails to see a compelling reason to unseal documents solely on the urging of Defendant Villavaso.

Seventh, as to the "plethora of other documents" that remain sealed, the Court will not enter a blanket order unsealing unspecified documents that are not referenced by docket number. Documents currently under seal remain so for a variety of purposes, not the least of which is their reference to other individuals, and personal information, not involved in any controversy raised herein; disclosure of that information serves no purpose to advance this litigation or satisfy public interest. The Court sees no constructive reason to unseal information that could potentially be harmful or embarrassing to such individuals.[6]

Eighth, the Court is not aware, and Defendant's motion does not address, what impact, if any, unsealing matters in this case will have on the related civil proceedings instituted by the victims. Thus, the undersigned does not think it appropriate to risk unsealing information that could potentially impact, in some way, the civil proceedings instituted by the victims currently pending in Section H of this Court. *See Jose Holmes, Jr. v. City of New Orleans, et al.,* No. 06-5695 (stayed by orders dated November 8, 2006 and July 1, 2010 – Rec. Docs. 11 and 12, respectively), and

---

[6] Neither Defendant Villavaso, the other defendants, nor the Government have indicated any intent to redact any information from currently sealed documents, all of which is a requisite before further disclosure of currently sealed material.

4

*Sherrel Johnson v. The City of New Orleans, et al.,* No. 07-2882 (stayed by order dated April 1, 2008 – Rec. Doc. 6) c/w *Lance Madison, et al. v. City of New Orleans, et al.,* No. 06-5701 (stayed by order dated January 8, 2007 – Rec. Doc. 6) c/w *Lesha Bartholomew, et al. v. The City of New Orleans, et al.,* No. 06-4159 (stayed by order dated April 1, 2008 – Rec. Doc. 18). These civil lawsuits seek monetary recovery against a variety of defendants, including the City of New Orleans; former Mayor Ray Nagin; New Orleans Police Department personnel Eddie Compass, Warren Riley, Robert Bardy, John Bryson, Michael Lohman, Ignatius Hills, Robert Barrios; and another individual named David Ryder.

Finally, some of the documents sealed in this litigation were compiled upon order of this Court, for use *only* by the Court. Confidential reports presented to the Court, or responding to the Court's further orders/inquiries, were submitted outside of the record, and shall remain confidential as investigatory results. DOJ work product submitted to the Court for *in camera* review should not always be disclosed, even if the case were entirely over. Again, to the extent that those documents contain, in part, information material to this Court's opinions, they are reflected in the record. Though certain of these documents contain information that further supports, or tends to strongly support, this Court's previous decisions, the Court need not disclose more than is necessary to support its decision, which it did, and which decision was affirmed by the United States Fifth Circuit Court of Appeals. *United States v. Bowen,* 799 F.3d 336 (5th Cir. 2015), 2015 WL 4925029 and *United States v. Bowen,* 813 F.3d 600 (5th Cir. 2016).

The Court is cognizant that a variety of uninformed and thus illegitimate opinions have been publicly expressed without the edification of pertinent matters under seal. Though a time may come when the public disclosure of various of the currently sealed documents is appropriate, that time is not now, for the several reasons stated herein.

New Orleans, Louisiana, this <u>4th</u> day of May 2016.

                                        **KURT D. ENGELHARDT**
                                        **Chief Judge, United States District Court**